UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PEDRO VELEZ

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al.,*

    Defendants.
_____/

Case No. 09-10519
Honorable Denise Page Hood

## ORDER RE: REPORT AND RECOMMENDATION

### I. INTRODUCTION

This matter is before the Court on Magistrate Judge Michael Hluchaniuk's Report and Recommendation, dated January 25, 2010 [Docket No.43].

Plaintiff filed a Complaint on February 12, 2009 alleging civil rights violations pursuant to 42 U.S.C. § 1983 under the Eighth Amendment. Plaintiff alleges that in February 2008 he sought treatment for a hernia that developed after surgery to remove his spleen in September 2007. He also claims that the hernia causes him to experience heartburn. Plaintiff argues that Defendant Correctional Medical Services, Inc. (CMS) and its employees, Defendants Howard Tyree and Joseph Burtch, D.O., did not provide adequate treatment and pain management for either the hernia or the heartburn, despite the fact that a surgical consult was sought and that he was given a supportive garment. He further claims Defendants Michigan Department of Corrections (MDOC) and Terry Malloy are vicariously liable for the torts of their employees or agents.

The Court has had an opportunity to review these matters and finds that the Magistrate Judge reached the correct conclusions for the proper reasons as to Defendants CMS and its employees,

Defendants Joseph Burtch and Howard Tyree. Accordingly, these Defendants are dismissed from this action.

## II.    APPLICABLE LAW & ANALYSIS

### A.    Standard of Review

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 29 U.S.C.§ 636. This Court "shall make a de novo determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C.§ 636 (B)(1)©. This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*.

In order to have preserved this right to appeal the Magistrate Judge's recommendation, Plaintiff was obligated to file objections to the Report and Recommendation within fourteen days of service, as provided for in Fed. R. Civ. P 72 (b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.*, 932 F2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). No objections were filed to the Magistrate Judge's Report and Recommendation.

### B.    Report and Recommendation

#### 1. CMS & Employees Burtch and Tyree's Motion to Dismiss [Docket No. 21]

The Magistrate Judge recommended that the Defendants' Motion to Dismiss be granted and that Plaintiff's claims against them be dismissed.

As an initial matter, the Court will address Defendants' argument that Plaintiff failed to

exhaust his administrative remedies. Plaintiff filed grievances against Defendant Burtch, but he did not actually complain about anything that the Defendant did or did not do. Defendant Tyree asserts that Plaintiff failed to even identify him in the grievances at all. The Step III response to Plaintiff's grievances upheld the previous denials and concluded that the disagreement of the Medical Practitioner does not support the allegations of denial of care.

The Court agrees with the Magistrate Judge's conclusion as to the exhaustion issue. As set forth in the grievance procedure, a grievance may be rejected if it is too vague. Since the grievance at issue was not rejected and it was addressed on the merits, any procedural defect as to the lack of specific identities of the "CMS" personnel or "SRF Health services officials" was waived. *Grear v. Glibabert*, 2008 WL 474098, *7-8 (W.D. Mich. 2008). There is no basis to dismiss the claims against Defendants Burtch and Tyree based on a failure to exhaust administrative remedies.

The Court also agrees with the Magistrate Judge's conclusion that Plaintiff has failed to allege that Defendants acted with a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 300 (1991). Defendants provided some pain management, referred him for further surgery and provided a supportive garment for his conditions. Therefore, the Court agrees with the Magistrate Judge's recommendation to grant the Defendants' Motion to Dismiss.

> **2. Second Motion to Dismiss / Summary Judgment [Docket No. 27] by Defendant Michigan Department of Corrections and Defendant Terry Malloy**

Defendants MDOC and Terry Malloy first argue that a Plaintiff bringing an action pursuant to §1983 may not base liability on a theory of respondeat superior or vicarious liability. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978). Plaintiff alleges that Defendants MDOC,

CMS, and Malloy are vicariously liable for the torts of their employees or agents. Under *Monell*, such liability can only be found in situations where a deprivation of constitutional rights occurs as a result of an entity's policy, custom or practice. Defendants claim that Plaintiff's Complaint does not identify a specific policy instituted by any of them that Plaintiff claims violated his constitutional rights. The Court agrees that the Plaintiff's Complaint is insufficient to state a policy, pattern, or practice claim against the Defendants. The Plaintiff only makes vague allegations that his mistreatment was the result of a cost-cutting policy instituted by CMS, MDOC, or Malloy. He has failed to allege that any pattern, policy, or practice of Defendants is implicated by his claims. The Court agrees with the Magistrate Judge that the Plaintiff's allegations merely create speculation or suspicion of a legally cognizable claim and his claims against Defendants CMS, MDOC, and Malloy should be dismissed. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

The Court also agrees with the Magistrate Judge's conclusion that Plaintiff's claims against Defendants MDOC and Malloy, to the extent that she is sued in her official capacity, are barred by the Eleventh Amendment. "The Eleventh Amendment bars suits brought in federal court against a state and its agencies unless the state has waived its sovereign immunity or consented to be sued in federal court." U.S. Const. Amend. XI. The record does not indicate that the State of Michigan has waived its immunity or otherwise consented to being sued and, therefore, the claim cannot be maintained against the MDOC, a state agency, or Defendant Malloy in her official capacity.

**III.    Conclusion**

IT IS ORDERED that Magistrate Judge Michael Hluchaniuk's January 5, 2010 Report and Recommendation [**Docket No. 43, filed on January 25, 2010**] is ACCEPTED and ADOPTED as

4

this Court's factual findings and conclusions of law.

IT IS FURTHER ORDERED that CMS & Employees Butch and Tyree's Motion to Dismiss **[Docket No. 21, filed on May18, 2009]** is GRANTED.

IT IS FURTHER ORDERED Defendants Michigan Department of Correction and Terry Malloy's Second Motion to Dismiss / Summary Judgment **[Docket No. 27, filed on July 17, 2009]** is GRANTED.

                                                  S/Denise Page Hood  
                                                  Denise Page Hood  
                                                  United States District Judge

Dated: March 26, 2010

      I hereby certify that a copy of the foregoing document was served upon counsel of record on March 26, 2010, by electronic and/or ordinary mail.

                                                  S/William F. Lewis  
                                                Case Manager